| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Bruce Alan Wilson, | ) | No. CIV 09-2440-PHX-NVW (DKD) |
| Petitioner, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Charles L. Ryan, et al., | ) | |
| Respondents. | ) | |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

Bruce Alan Wilson filed a Petition for Writ of Habeas Corpus on November 20, 2009, challenging his convictions following a guilty plea for two counts of attempted sexual conduct with a minor. Although originally sentenced to five years' imprisonment on one count and lifetime probation on the other, following two probation revocations, he was sentenced to a ten-year prison term on the second count. He raises three grounds for habeas relief: (1) the sentence imposed exceeds the statutory limits; (2) the illegal sentence was void, and therefore appealable at any time; and (3) the ruling on his sentence was not final when he filed his Rule 32 Petition. Respondents argue alternatively that Wilson's petition is untimely, that he raises non-cognizable claims, and that his claims are unexhausted and procedurally defaulted. For the reasons stated below, the Court recommends that Wilson's petition be denied and dismissed with prejudice.

## BACKGROUND

Following the imposition of his latest prison term, Wilson filed a timely Notice of Post-Conviction Relief; appointed counsel found no colorable claim for relief (Doc. 13, Exh

K, L). On October 23, 2006, Wilson filed a *pro per* petition, asserting two claims for relief: (1) his Fifth, Sixth and Fourteenth Amendment rights were violated when privileged communications made during sex-offender treatment were included in the Probation Violation Report; and (2) he received the ineffective assistance of counsel when counsel failed to object to the admission of the privileged communication at the disposition hearing (*Id.*, Exh M). On January 30, 2007, the state court summarily dismissed the petition, ruling that trial counsel *had* objected to the admission of the communications, and that even if he had not objected, the outcome would not have been different (*Id.*, Exh P). On February 27, 2007, Wilson petitioned for review in the Arizona Court of Appeals, arguing that inadmissible evidence was presented without either objection by counsel or the trial court's recognition of its inadmissibility, and that such evidence was considered in making the disposition determination (*Id.*, Exh Q, R). The court of appeals denied review on November 9, 2007 (*Id.*, Exh X); Wilson did not petition the supreme court for review.

While review was still pending on his first petition, Wilson filed a second PCR notice on August 15, 2007. He argued that the untimeliness of this second petition should be excused because a significant change in the law had occurred that would probably overturn his sentence (*Id.*, Exh S). The trial court allowed the second petition to proceed, expressly reserving any ruling on whether Wilson had met the requirements for filing an untimely petition (*Id.*, Exh T). Counsel argued that Wilson must be resentenced under A.R.S. § 13-702 because A.R.S. § 13-604.01 does not apply to a conviction for attempted sexual conduct with a minor under the age of twelve. Counsel cited the court of appeals decision in *State v. Gonzalez*, 216 Ariz. 11 (App. 2007), in support of his argument. In *Gonzalez*, the court of appeals held that "the plain language of § 13-604.01 does not encompass attempted sexual conduct with a minor under the age of twelve." *Id.* at 14. The trial court granted his petition on May 5, 2008. The trial court noted in its ruling that Wilson could have raised the issue at his revocation sentencing because the Court of Appeals in *Gonzalez* decided that the statute under which Wilson was sentenced "means literally what it says" (Doc. 13, Exh AA). However, the trial court ruled that because the sentences were imposed without legal

authority it raised the issue of subject matter jurisdiction, and therefore the claim could not be waived and could be raised at any time (*Id.*).

On review in the Arizona Court of Appeals, the State argued that Wilson had waived the claim by not raising it in his first post-conviction proceeding and that *Gonzalez* was wrongly decided (*Id.*, Exh BB, CC). The court of appeals denied review on October 21, 2008 (*Id.*, Exh DD). On December 16, 2008, the State filed a petition for review. On April 29, 2009, the Arizona Supreme Court granted the State's petition for review, and remanded the matter to the court of appeals for reconsideration in light of the supreme court's recent decision in *State v. Shrum*, 220 Ariz. 115 (2009) (*Id.*, Exh GG). In *Shrum*, the supreme court concluded that *Gonzalez* was not a significant change in the law that would allow a petitioner to file a Rule 32 petition that either was or could have been raised on direct appeal or in a previous PCR proceeding.

On May 26, 2009, the court of appeals vacated the trial court's order granting Wilson post-conviction relief, finding as follows: (1) Wilson's second post-conviction petition was untimely and successive, making his *Gonzalez* claim precluded; and (2) the trial court had subject matter jurisdiction to impose sentence after Wilson was convicted. The matter was remanded to the trial court for dismissal of Wilson's second PCR proceeding (*Id.*, Exh HH). On June 15, 2009, Wilson filed a motion for reconsideration; on June 18, 2009, the motion was denied (*Id.*, Exh II, JJ). His petition for review in the supreme court was denied on October 28, 2009 (*Id.*, Exh KK, LL). On remand, the trial court dismissed his untimely second post-conviction petition (*Id.*, Exh MM). On November 20, 2009, Wilson filed his federal petition.

**DISCUSSION**

Wilson was required to file his federal petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 129 S.Ct. 681, 685 (2009). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

- 3 -

pending shall not be counted toward any period of limitation under this subsection." *See* 28 U.S.C. § 2244(d)(2). A state petition that is not filed within the required state time limit is not "properly filed," and therefore does not result in any statutory tolling of the limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

Wilson admitted his probation violation and was sentenced on November 9, 2005. He was entitled to a Rule 32 "of-right" post-conviction relief proceeding, and his conviction became final at the conclusion of that proceeding. *Summers v. Schriro*, 481 F.3d 710 (9th Cir. 2007). Therefore, Wilson's conviction became final on December 10, 2007, 30 days after the court of appeals denied his petition for review of the dismissal of his post-conviction petition, the time during which he could have filed a petition for review in the Arizona Supreme Court. *Hemmerle v. Schriro*, , 495 F.3d 1069, 1072-74 (9th Cir. 2007). He was required to file his federal petition on or before December 9, 2008. Because the state court dismissed his second PCR notice as untimely, it was not properly filed under § 2244(d)(2) and did not *statutorily* toll the limitations period. *See Pace*, 544 U.S. at 414-17. His petition was filed November 20, 2009, and is therefore untimely, absent equitable tolling.

The Supreme Court has recently held that the timeliness provision in the federal habeas statute is subject to equitable tolling in appropriate cases. *See Holland v. Florida*, ___S.Ct.___, 2010 WL 2346549 ( June 14, 2010). Under the circumstances of this case, the Court concludes that Wilson is entitled to such tolling. He has demonstrated that he was pursuing his rights diligently and that the existence of extraordinary circumstances beyond his control prevented him from timely filing his petition. *Pace*, 544 U.S. at 418-19. Wilson could not have anticipated that the state court ruling granting him relief would be overturned a year later and that in anticipation of that possibility, he would expected to protectively file his federal petition during that time. In addition, he had no control over the circumstances under which the state court made its ruling or the timing of its ruling. The Court deems this an appropriate case for the application of equitable tolling.

Having determined that Wilson's petition is timely filed, however, the Court concludes that the grounds raised are either not cognizable on federal habeas review or

without merit. In Ground One, he maintains that the ten-year sentence imposed for his probation violation exceeded the statutory limit of seven years allowed under A.R.S. § 13-702. However, he was not sentenced pursuant to that statute; he was sentenced pursuant to A.R.S. § 13-604.01. His essential argument is that he *should* be resentenced under 13-702, which allows for a maximum term of only seven years. In Ground Three, Wilson asserts that the ruling on his sentence was not final when he filed his Rule 32 petition because it was still pending in state court. Habeas review in federal court is limited to a claim that a prisoner is in custody "in violation of the constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). These two grounds raise questions of state law: whether he should be resentenced under a different statute, and whether his conviction was final when he filed his PCR petition. As such, they are not reviewable in a federal habeas proceeding. *Estelle*. He asserts in his first ground as part of the supporting facts the following statement: "Constitutional claims raised include due process, ex post facto, equal protection, and cruel and unusual punishment." *See* Doc. 1 at 7. This bare assertion, however, does not change the nature of the claim or transform a state law issue into a federal one. *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999). He makes no mention of federal law or the United States Constitution in his third ground.

In Ground Two, he argues that his sentence was illegal and therefore void, and could be appealed at any time. Assuming *arguendo* that this raises a constitutional question, it has no merit. The court of appeals correctly ruled that the trial court had jurisdiction to sentence Wilson, because subject matter jurisdiction is the power of a court to hear and determine a controversy. The court of appeals further correctly ruled that when a trial court has subject matter jurisdiction, but errs in issuing an order, the error (in this case an error in sentencing) was voidable, rather than void, and therefore correctable *if* timely appealed. *See* Doc. 13, Exh HH.

**IT IS THEREFORE RECOMMENDED** that Bruce Alan Wilson's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice (Doc. 1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have seven days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 23rd day of July, 2010.

_____
David K. Duncan
United States Magistrate Judge